**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDRE T. WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00464-PLC |
| | ) | |
| CITY OF ST. LOUIS JUSTICE CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Andre T. Ware, an inmate currently incarcerated at the St. Louis County Justice Center, brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is before the Court upon the motion of plaintiff for leave to proceed without prepayment of the required filing fee and costs. Having reviewed the motion and financial information, the Court will grant the motion and assess an initial partial filing fee of $3.77. *See* 28 U.S.C. § 1915(b)(1). For the reasons discussed below, the Court dismisses this action on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency

having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a ledger of inmate account activity at the St. Louis County Justice Center for the six months preceding the filing of this action. Based on this information, the Court finds that plaintiff has an average monthly deposit of $18.83. The Court will assess an initial partial filing fee of $3.77, which is twenty percent of his average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

In his complaint, plaintiff alleges he suffered violations of his civil rights while at the St. Louis City Justice Center. He brings his action pursuant to 42 U.S.C. § 1983. He names as defendant the St. Louis City Justice Center. Plaintiff's statement of his claim is very short and lacks many specifics.[1]

Plaintiff states that on August 25, 2023, he was transported to the St. Louis City Justice Center illegally for "a swap." He states that he was placed in solitary confinement for two days once he arrived. Then he was placed in federal pod cell number 15 for 11 days without any release. Next, he was taken to the infirmary and placed in a restraint chair and placed inside a supermax rubber room. He states he wore only underwear and a t-shirt for these 15 days.

Plaintiff states he was then transported back to the St. Louis County Justice Center illegally by correctional officers in a St. Louis County Health Department vehicle. When he arrived back

---

[1] Plaintiff filed a prior case alleging constitutional violations at the St. Louis City Justice Center and the St. Louis County Justice Center from June 10, 2023 to January 12, 2024. That case was dismissed on initial review for failure to state a claim upon which relief may be granted. *See Ware v St. Louis Cty. Jail, et al.*, No. 4:24-cv-210-PLC (E.D. Mo. Mar. 29, 2024). The Memorandum and Order of Dismissal in that prior case provides insight into the many behavioral problems plaintiff had at the St. Louis County Justice Center and his many conduct violations.

at the St. Louis County Justice Center, he was made to take a booking photo while being held in handcuffs with his head down.

Plaintiff does not state what constitutional violations he suffered. He states only that he "feel[s] [his] rights and privileges ha[ve] been ignored this has been very emotionally, physically, and mentally draining for me I need to be compensated for my pain and suffering. ECF No. 1 at 6.

## Discussion

Because plaintiff is proceeding without prepayment of the filing fee, the Court must conduct an initial review of his complaint under 28 U.S.C. § 1915. Based on this review, and for the reasons discussed below, the Court will dismiss plaintiff's claims against defendant.

### (a)   *The PLRA Requirement of Physical Injury*

The PLRA states "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. 1997e(e). To recover more than nominal damages under the statute, a prisoner must allege more than mental or emotional injury. The Eighth Circuit interprets the PLRA "to require more than a de minimis physical injury." *McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018). The PLRA's physical injury requirement applies to all constitutional claims. *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).

Here, plaintiff alleges no physical injury arising out of the alleged constitutional violations. He states only that the events at the St. Louis City Justice Center were emotionally, physically, and mentally draining for him. Because plaintiff's complaint seeks damages only for this mental or emotional suffering, it does not meet the PLRA's physical injury requirement and his claims for

-4-

compensatory damages will be dismissed. *See e.g.*, *Upchurch v. Tillman*, No. 4:19-cv-223-JCH, 2019WL 2357373, *2 (E.D. Mo. Jun. 4, 2019) (finding the PLRA bars recovery for plaintiff's mental anguish).

### (b) Defendant St. Louis City Justice Center

Even assuming plaintiff had alleged physical injury, his claims against the St. Louis City Justice Center are subject to dismissal because jails are not legal entities amenable to suit. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir 1992) (stating that "departments or subdivisions" of local governments are not "juridical entities suable as such").

Additionally, although plaintiff asserts that he is suing the St. Louis City Justice Center in its official capacity, he has not stated any unconstitutional policies or customs of the jail or St. Louis City. A political subdivision generally cannot be held vicariously liable under § 1983 for unconstitutional acts of its employees. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A political subdivision can only be held liable under § 1983 if a constitutional violation resulted from an official policy, custom, or a deliberately indifferent failure to train or supervise. *Id.*; *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, plaintiff does not point to the existence of any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by a governing body" as being at issue

-5-

in this case. *See Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992). He does not claim

that a specific staff member's actions at the jail were the result of "a deliberate choice of a guiding

principle or procedure made by a municipal official who has final authority regarding such

matters." *See Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). Plaintiff

also has not established the "existence of a continuing, widespread, persistent pattern of

unconstitutional misconduct by" a municipal entity's employees, much less that policymaking

officials were deliberately indifferent to or tacitly authorized such misconduct, as he only alleges

specific incidents on specific dates that he believes violated his constitutional rights. *See Johnson

v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Additionally, he has not

demonstrated that the jail was deliberately indifferent in failing to train or supervise its employees.

That is, he has not shown that the jail or St. Louis City "had notice that its procedures were

inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville

R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005).

For these reasons, plaintiff has failed to state a plausible claim against the St. Louis City

Justice Center and his complaint will be dismissed on initial review for failure to state a claim

upon which relief may be granted. *See Ware v. St. Louis Cty. Jail et al.*, No. 4:24-cv-210-PLC

(E.D. Mo. Mar. 29, 2024); *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming

district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that

would demonstrate the existence of a policy or custom" that caused the alleged deprivation of

plaintiff's rights).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court

without prepaying fees and costs is **GRANTED**. [ECF No. 3]

      **IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $3.77 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

      **IT IS FURTHER ORDERED** that plaintiff's complaint against defendant the St. Louis City Justice Center is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

      **IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 2]

      An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of  July, 2024.

                                       HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE